**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30166 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-02047-SMJ-1 |
| v. | |
| GERARDO MADEROS LORETO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted March 5, 2019
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and PREGERSON,** District Judge.

Gerardo Loreto appeals his conviction and sentence for conspiring to possess and attempting to possess with the intent to distribute 50 grams or more of methamphetamine. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part and remand for resentencing.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

1. Sufficiency of the Evidence

We employ "a two-step inquiry for considering a challenge to a conviction based on sufficiency of the evidence." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). "First, [we] must consider the evidence presented at trial in the light most favorable to the prosecution." *Id.* (citation omitted). "Second, after viewing the evidence in the light most favorable to the prosecution, [we] must determine whether this evidence, so viewed, is adequate to allow *any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." *Id.* (quotation omitted, emphasis and second alteration in original). Although we review de novo a claim of insufficient evidence, our "evaluation remains deferential and accords respect to the jury's role as weigher of the evidence." *United States v. Moe*, 781 F.3d 1120, 1124 (9th Cir. 2015) (quotation omitted).

Loreto argues the evidence was insufficient for the jury to convict him of conspiracy to possess and attempt to possess with the intent to distribute methamphetamine. Viewing the evidence in the light most favorable to the prosecution, the government presented sufficient evidence, including the testimony of a government informant, transcripts of telephone calls made by Loreto while he was incarcerated, and notes allegedly written by Loreto, to enable a rational trier of fact to find the essential elements of each charge beyond a reasonable doubt.

Although much of this evidence comes from a government informant who hoped his cooperation would provide him some benefit in his own criminal case, his testimony was not incredible or insubstantial on its face. Moreover, the jury was instructed that it should view the informant's testimony with caution. Under the circumstances, we must defer to the jury's credibility determination and affirm the convictions. *See United States v. Leung*, 35 F.3d 1402, 1405 (9th Cir. 1994); *United States v. Lopez*, 803 F.2d 969, 973 (9th Cir. 1986).

2. Multiplicitous Convictions

Loreto also argues that his convictions for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841 and attempt to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 are multiplicitous. Loreto, however, was not convicted and sentenced under a multiplicitous indictment. *See United States v. Felix*, 503 U.S. 378, 389 (1992) ("[A] substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes.").

3. Drug Quantity Finding

Finally, Loreto argues that the jury's drug quantity finding is not supported by the evidence. Notably, the police did not seize any methamphetamine in their investigation of Loreto. To prove the quantity alleged in the Indictment—50 grams of methamphetamine— the government presented evidence that Loreto

3

offered "pounds" of methamphetamine to the government informant in exchange for committing a murder; evidence that Loreto directed his cousin to obtain a "pound" of methamphetamine; testimony that Loreto usually dealt high quality methamphetamine; testimony that the price for a pound of methamphetamine at the time of Loreto's arrest was about $5,000; and testimony that a pound of methamphetamine is equal to approximately 450 grams, but that methamphetamine "[c]ould be" cut. The government did not, however, introduce any evidence of the purity level of the methamphetamine connected to Loreto. Viewing the evidence in the light most favorable to the government, no reasonable fact finder could have determined beyond a reasonable doubt that Loreto conspired to and attempted to possess more than 50 grams of methamphetamine. *See United States v. Lemus*, 847 F.3d 1016, 1022–24 (9th Cir. 2016) (vacating the jury's 50 gram finding because the government only offered an FBI agent's testimony concerning the range of purity of methamphetamine previously purchased in the area by the FBI).

"Because the drug quantity finding fails based on insufficient evidence, the government may not retry that issue, and instead must seek resentencing based solely on the basic possession conviction, i.e., pursuant to the statutory range set forth in 21 U.S.C. § 841(b)(1)(C)." *Id.* at 1023; *see also Burks v. United States*, 437 U.S. 1, 11 (1978). We therefore vacate the 50-gram finding and the sentence, and remand for resentencing under 21 U.S.C § 841(b)(1)(C).

**AFFIRMED in part, VACATED in part, and REMANDED**